# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MARILYN MARGULIS, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: ) |
| GENERATION LIFE INSURANCE COMPANY, | ) ) ) ) |
| and | ) **JURY TRIAL DEMANDED** |
| SPRING VENTURE GROUP, LLC | ) ) ) |
| and | ) ) |
| JOHN DOES No. 1-10, | ) ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Spring Venture Group, LLC ("SVG") and Defendant Generation Life Insurance Company ("Generation Life") (SVG and Generation Life referred to collectively as "Defendants") hereby remove this action from the Circuit Court of St. Louis County, Missouri, where the action is now pending, to the United States District Court for the Eastern District of Missouri, and state as follows:

**A.      This Court Has Federal Question Jurisdiction Over The Action**

1.      On or about June 7, 2014, Plaintiff Marilyn Margulis ("Plaintiff") filed a putative class action petition in the Circuit Court of St. Louis County, Missouri against

7309861

Defendants.  *See* Case No. 14SL-CC02263, Circuit Court of the 21st Judicial District, St. Louis County, Missouri State Court (the "State Court Action").

2. In the State Court Action, Plaintiff alleges that Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA") contending that Defendants made calls using an automated telephone dialing system to a residential telephone of Plaintiff and other members of the putative class using an artificial or prerecorded voice to deliver a message without the prior express consent of Plaintiff or other members of the putative class.

3. Plaintiff, on her own behalf and on behalf of the putative class, seeks statutory damages, injunctive and declaratory relief for the alleged violations of 47 U.S.C. § 227(b)(3)(B).

4. In accordance with 28 U.S.C. § 1446(a), Defendant SVG has attached, as Exhibit A, a copy of Plaintiff's summons, petition and motion for class certification, which are the only process, pleadings, or orders that have been served upon Defendant SVG.

5. Defendant SVG has not entered its appearance, filed a responsive pleading, or otherwise responded in the State Court Action.

6. In accordance with 28 U.S.C. § 1446(a), Defendant Generation Life has attached, as Exhibit B, a copy of Plaintiff's summons, petition and motion for class certification, which are the only process, pleadings, or orders that have been served upon Defendant Generation Life.

7. Defendant Generation Life has not entered its appearance, filed a responsive pleading, or otherwise responded in the State Court Action.

8. 28 U.S.C. § 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

9. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the TCPA. The Supreme Court has held that federal question jurisdiction exists over private actions, like this one, brought under the TCPA. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 742 (2012).

10. The Eastern Division of the Eastern District of Missouri is the division and district in which Plaintiff's state court action is pending.

11. Venue is proper because the St. Louis County Circuit Court, Missouri is within the United States District Court for the Eastern District of Missouri, Eastern Division. *See* 28 U.S.C. §§ 105, 1441(a) and 1446(a).

B. **Removal Is Timely Under 28 U.S.C. § 1446(b)**

12. Plaintiff's summons, petition and motion for class certification in this action were served on SVG on July 29, 2014.

13. Plaintiff's summons, petition and motion for class certification in this action were served on Generation Life on July 23, 2014.

14. This Notice of Removal is timely pursuant to 28 U.S.C § 1446(b) because it is being filed "within 30 days after the receipt by the defendant, through service or

7309861                                           3

otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

15. Because Defendant SVG was served on July 29, 2014, the thirty-day time period continues through Thursday, August 28, 2014.

16. Because Defendant Generation Life was served on July 23, 2014, the thirty-day time period continues through Friday, August 22, 2014.

17. This action is therefore timely removed pursuant to 28 U.S.C. § 1446(b) because this notice of removal was filed within thirty (30) days from the date that each Defendant was served with a copy of the Petition. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999) (holding that the thirty (30) day removal period does not begin to run until defendant is formally served); *Marano Enters. of Kansas v. Z-Teca Rests., L.P.*, 254 F.3d 753, 756-57 (8th Cir. 2001) (same).

18. A copy of all process, pleadings, orders and other documents currently on file in the State Court Action at the time of removal, including an Amended Petition and the docket sheet, is attached hereto as Exhibit C.

19. The materials in Exhibit C include a return of service confirming that Defendant SVG was served July 29, 2014. *See* Exhibit C, pp. 2-3.

20. The materials in Exhibit C include a return of service relating to Defendant Generation Life providing a date of service of July 23, 2014. *See* Exhibit C, pp. 4 and 19.

## ADDITIONAL PROCEDURAL REQUIREMENTS

21. Pursuant to Local Rules 2.02 and 2.03, the Original Filing Form has already been filed.

22. Pursuant to Local Rules 2.02 and 2.03, the Civil Cover Sheet has already been filed.

23. Pursuant to Local Rule 2.04, "Jury Trial Demanded" is written on the face of the Notice of Removal as Defendants request a jury trial.

24. Written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Circuit Court of St. Louis County, Missouri, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendants SVG and Generation Life removes this action from the Circuit Court of St. Louis County, Missouri to the United States District Court for the Eastern District of Missouri, Eastern Division and respectfully requests that this action proceed in this Court as an action properly removed.

Dated:  August 22, 2014

Respectfully submitted,

HUSCH BLACKWELL LLP

/s/ Glennon P. Fogarty
Glennon P. Fogarty, 42983MO
Matthew D. Knepper, 61731MO
190 Carondelet Plaza #600
St. Louis, MO 63105
(314) 480-1500
(314) 480-1505
*glennon.fogarty@huschblackwell.com*

**ATTORNEY FOR DEFENDANTS SPRING VENTURE GROUP, LLC and GENERATION LIFE INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was mailed, postage prepaid on August 22, 2014, to:

Cyrus Dashtaki, Esq.
Dashtaki Law Firm, LLC
5205 Hampton Avenue
St. Louis, MO 63109
Ph: 314.932.7671
Fax: 314.932.7672
Email: cyrus@dashtaki.com
*Attorney for Plaintiff*

                                /s/ *Glennon P. Fogarty*
                                        Attorney