IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARILYN MARGULIS, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:14-CV-1462 SNLJ |
| GENERATION LIFE INS. CO., et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff brought this action on behalf of herself and others similarly situated against the defendants, Generation Life Insurance Company, Spring Venture Group, LLC, and John Does 1-10, for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"). Defendants have moved to dismiss (#12). The matter has been fully briefed and is ripe for disposition.

**I.    Background**

Defendant Generation Life Insurance Company ("Generation") provides insurance-based services, including the sale of life insurance products. Defendant Spring Venture Group ("SVG") is a telemarketing company in the business of selling health and life insurance. Plaintiff alleges that SVG markets products on behalf of Generation and that SVG's marketing platform is Generation's "exclusive distribution channel." (#4 at ¶

1

17.) Plaintiff alleges that she received telephone calls from "defendants" on January 3, 2014 on her home telephone line, which is identified with the last four digits redacted, as (636) 536-XXXX in plaintiff's complaint. (#4 at ¶ 19.) Plaintiff alleges that she believed that call was made using an automatic telephone dialing system ("ATDS") because there was a delay after answering and before hearing anyone speak. When she did hear a response upon answering the phone, plaintiff alleges that the voice was an artificial or recorded voice. Plaintiff states she did not give express permission for defendants to call her. Plaintiff alleges that defendants made similar phone calls to other individuals, and she wishes to represent a class of those individuals in making claims against the defendants.

In particular, plaintiff claims that defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"). That law makes it unlawful to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission…." 47 U.S.C. § 227(b)(1)(B). The TCPA provides a private right of action for violations and provides for minimum liquidated statutory damages of $500 per violation. Plaintiff seeks statutory damages as well as injunctive relief.

## II.     Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions which are fatally

flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). A complaint must be dismissed for failure to state a claim if it does not plead enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560 (2007) (abrogating the traditional "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A petitioner need not provide specific facts to support his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the grounds on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008), *cert. denied*, 129 S.Ct. 222 (2008) (quoting *Twombly*, 550 U.S. at 555-56 & n.3).

In ruling on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the petitioner. *Scheuer v. Rhodes*, 416 U.S. 232 (1974); *Kottschade v. City of Rochester*, 319 F.3d 1038, 1040 (8th Cir. 2003). Although a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a petitioner must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. *Twombly*, 550 U.S. at 555 (internal citations omitted). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the factual content . . . allows the court to draw the reasonable inference that the respondent is liable for the misconduct alleged."

*Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). When determining the facial plausibility of a claim, the Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id*. (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)).

### III. Discussion

Defendants maintain that plaintiff has failed to plead her TCPA claim and the defendants' agency relationship adequately. Central to defendants' argument is the plaintiff's obligation to plead facts that show more than the "mere possibility of misconduct ." *Iqbal*, 556 U.S. at 679. Defendants contend that plaintiff has made the barest of allegations regarding the call she allegedly received from defendants. For example, plaintiff does not reveal the complete telephone number on which she received the call, nor does she provide the telephone number that made the call (or any other information that would have been visible on a caller ID system). Plaintiff also does not allege the identity of the person or entity responsible for the call other than to state that an "agent" of defendants made the call. Nor does plaintiff provide any information about the content of the call or how she knew it constituted a prerecorded or artificial voice call (other than the pause before the recording started).

At least one district court has required a TCPA plaintiff to plead the phone number that allegedly received the offending phone call. *See Strand v. Corinthian Colleges, Inc.*, No. 1:13-CV-1235, 2014 WL 1515494, at *3 (W.D. Mich. Apr. 17, 2014); *Wallack v.*

*Mercantile Adjustments Bureau, Inc.*, No. 14-10387, 2014 WL 1515852, at *2-3 (E.D. Mich. April 18, 2014). However, *Strand* and *Wallack* appear to take the minority view. The majority of district courts "do not require such detail at the pleading stage in order to provide adequate notice to a TCPA defendant." *Ott v. Mortgage Investors Corp. of Ohio*, --- F. Supp. 3d ---, No. 3:14-CV-00645-ST, 2014 WL 6851964, at *8 (D. Or. Dec. 3, 2014) (citing *Crawford v. Target Corp.,* No. 3:14–CV–0090–B, 2014 WL 5847490, at *3–4 (N.D. Tex. Nov. 10, 2014) (rejecting *Strand* and finding that "a plaintiff's specific telephone number is not essential to providing a defendant notice of the conduct charged"); *Baker v. Caribbean Cruise Line, Inc.,* No. CV 13–8246–PCT–PGR, 2014 WL 880634, at *3 (D. Ariz. Mar. 6, 2014); *Manfred v. Bennett Law, PLLC,* No. 12–CV–61548, 2012 WL 6102071, at *2 n. 2 (S.D. Fla. Dec. 7, 2012) ("Plaintiff need not allege his specific cellular telephone number. The statute simply states that the call must be made to 'any telephone number assigned to a ... cellular telephone service.'"); *Robinson v. Midland Funding, LLC,* No. 10–cv–2261–MMA(AJB), 2011 WL 1434919, at *3 (S.D. Cal. Apr. 13, 2011) ("federal 'notice pleading standards do not require a plaintiff to allege details at the pleading state about the time and context' of every telephone call"), quoting *Kramer v. Autobytel, Inc.,* 759 F.Supp.2d 1165, 1172 (N.D.Cal.2010); *Reyes v. Saxon Mortg. Servs., Inc.,* No. 09–cv–1366–DMS(WMC), 2009 WL 3738177, at *4 (S.D. Cal. Nov. 5, 2009) (TCPA claim adequately stated by alleging that the defendant "frequently made calls to Plaintiff's cell phone using an automatic telephone dialing system (including an automated dialing machine, dialer, and auto-dialer) and an artificial or prerecorded voice")).

Plaintiff's vague allegations are troubling in other ways, however. Plaintiff introduces both defendants and describes their businesses, but, with respect to the one telephone call she alleges she received, plaintiff states only that it was made by an "agent" of the defendants. Plaintiff offers absolutely no facts to support that legal conclusion, such as the content or origin of the call or even that the caller identified the defendants by name during the call[1]. Aside from the date of the allegedly offending telephone call, plaintiff's allegations are essentially threadbare legal conclusions reciting the elements of her claim. Ultimately, the plausibility of plaintiff's claim is fatally diminished by her failure to link the defendants to the conduct alleged. This flaw might be remedied by amendment, but plaintiff has not suggested such. Regardless, the Court will allow plaintiff the opportunity to amend her complaint.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall be granted leave to file her amended complaint no later than April 23, 2015.

Dated this __19th__ day of March, 2015.

```
                                    _____
                                    STEPHEN N. LIMBAUGH, Jr.
                                    UNITED STATES DISTRICT JUDGE
```

---

[1] Plaintiff suggests she is excused from these pleading requirements because she is not required to provide all evidence regarding her factual allegations. However, the Court must be careful to distinguish factual allegations from legal conclusions. Here, plaintiff provides many of the latter but few of the former. In addition, defendants state in their memorandum that plaintiff's counsel has advised them that plaintiff's caller ID displayed a name not belonging to either of the defendants. Notably, plaintiff has not contested or objected to that information. Even though plaintiff has not objected to it, that information is outside the pleadings and not required for the Court's determination at this stage in the litigation.